IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 17, 2014 Session

## GARY GUSEINOV v. SYNERGY VENTURES, INC, ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 32977      Timothy L. Easter, Chancellor**

_____

**No. M2014-00213-COA-R3-CV - Filed October 21, 2014**

_____

This case involves the enrollment of a foreign judgment in Tennessee. The trial court granted summary judgment in favor of plaintiff, effectively enrolling the foreign judgment pursuant to the Full Faith and Credit Clause of the United States Constitution and Tennessee's Uniform Foreign Judgment Enforcement Act. On appeal, the defendant argues that the grant of summary judgment was improper because he allegedly satisfied the foreign judgment. He further argues that the trial court denied him due process when it declined to conduct an evidentiary hearing. We hold that satisfaction is not a defense to the enrollment of a foreign judgment pursuant to the Full Faith and Credit Clause of the United States Constitution or Tennessee's Uniform Foreign Judgment Enforcement Act. Further, we discern no due process violation from the trial court's decision not to conduct an evidentiary hearing. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which JOHN W. MCCLARTY, J. and BRANDON O. GIBSON, J., joined.

John A. Beam, III, Andrew Cameron, Desireé J.C. Goff, Nashville, Tennessee, for the appellant, Stan Burns.

Jay S. Bowen and Lauren Kilgore, Nashville, Tennessee, for the appellee, Gary Guseinov.

### OPINION

**California Proceedings**

In 2005, Gary Guseinov ("Appellee") obtained an arbitration award against Synergy Ventures, Inc. ("Synergy Ventures") and Stan Burns ("Appellant").[1] On December 7, 2005, the Superior Court of California in Los Angeles entered a judgment jointly and severally against Synergy and Mr. Burns, enforcing the arbitration award ("the California judgment"). The amount of the judgment against Synergy Ventures and Mr. Burns was $5,223,980.09. Since September 16, 2005, the California judgment has been accruing interest at the rate of ten percent per year and will continue to accrue interest until satisfied in full. Mr. Burns appealed the arbitration award in the California Court of Appeals. The California Court of Appeals affirmed the judgment on December 15, 2006. *See Guseinov v. Burns*, 145 Cal. App. 4th 944, 51 Cal. Rptr.3d 903 (Cal. Ct. App. 2006). On April 13, 2006, the California court entered an amended judgment reflecting the accrued prejudgment interest of $299,126.53 in favor of Mr. Guseinov.[2]

## Tennessee Proceedings

On October 24, 2006, Plaintiff/Appellee Mr. Guseinov filed an action in Tennessee to enroll the California judgment against Synergy Ventures[3] and Mr. Burns. On November 27, 2006, Mr. Burns filed an answer and several counterclaims. His counterclaims allege that he had satisfied the judgment by the transfer of shares in Synergy Ventures to Mr. Guseinov, providing that:

---

[1]According to the Final Award of Arbitrator statement contained in the record:

> Synergy was formed for the purpose of generating sales leads; it targeted direct marketing via the internet for financial institutions, including lenders and insurance companies. . . . At its peak in 2003, Synergy employed more than 30 personnel and generated gross income of approximately $600,000 per month; its two directors, Guseinov and Burns, each received compensation of $60,000 per month during the peak period.
>
> By May of 2003, Guseinov and Burns were experiencing disagreements regarding the direction and operation of Synergy.

[2]The record on appeal suggests that a partial satisfaction of judgment in the amount of $2,813,758.02 was entered on May 30, 2012 in the California court. Neither party relies on this fact in any capacity in their brief, and we do not find it pertinent to the issue on appeal.

[3]Synergy Ventures did not take part in this appeal. The record indicates that, at the time Mr. Guseinov filed the action in Tennessee, Synergy Ventures is a debtor in bankruptcy and protected under the automatic stay of 11 U.S.C. § 362. *See In re Synergy Ventures, Inc.*, Bankr. No. 1:06-bk-10762-GM (Bankr. C.D. Cal.).

Defendant Burns conveyed to Plaintiff Guseinov all of Mr. Burns's stock ownership in Synergy Ventures, Inc. Additionally, in satisfaction of the Judgments which are the subject of this action, Plaintiff Guseinov claimed a lien on Synergy Ventures, Inc.'s software, data and computer hardware which Guseinov has repossessed and appropriated to his own use.

The record on appeal indicates that, after arbitration, Mr. Burns allegedly continued to work for Synergy Ventures and "actually built the company up." Further, in August 2006, Mr. Burns alleges that he transferred 2,975,579 shares of Synergy Ventures stock, which included 100 percent of his interest in Synergy Ventures, to Mr. Guseinov. According to Mr. Burns, the parties agreed that the shares were valued at $2.00 per share. Thus, according to Mr. Burns, he has actually over-satisfied the $5,223,980.09 judgment because the value of the shares he transferred was $5,951,158.00. In his pleadings, Mr. Burns further alleges that Mr. Guseinov committed waste by failing to marshal the assets of Synergy Ventures in a commercially reasonable manner as required by Article 9 of the Uniform Commercial Codes in both California and Tennessee. Mr. Guseinov's alleged waste of Synergy Ventures' assets is not an issue in this appeal.

Over six years later,[4] on July 26, 2013, Mr. Guseinov filed a motion for summary judgment seeking enrollment of his California judgment in Tennessee on the basis that no material facts were in dispute. Mr. Guseinov argued that, although Mr. Burns claims to have satisfied the California judgment, the record from the California court indicates that the judgment is outstanding. According to Mr. Guseinov, "In the eyes of the California judgment, the judgment has not been satisfied . . . Moreover, it was undisputed that the judgment was outstanding in California and that Mr. Burns did not raise one of the proper defenses to the [F]ull [F]aith and [C]redit [C]lause of the [United States] Constitution." In his response, Mr. Burns argued that a dispute of material fact—namely, whether he had

---

[4]On February 14, 2013, Mr. Burns filed a Motion to Dismiss for Failure to Prosecute, alleging that there had been no substantial activity by Mr. Guseinov in the Tennessee litigation since 2006. Pursuant to a separate action in the Court of Common Pleas of Allegheny County, Pennsylvania, Mr. Guseinov allegedly took the depositions of Mr. Burns's parents in Alabama (after they moved from Pennsylvania to Alabama) and had also subpoenaed documents from Mr. Burns's wife to determine if there was a factual basis for taking her testimony. Despite Mr. Guseinov's out-of-state actions, Mr. Burns asserted that Mr. Guseinov had failed to prosecute the Tennessee matter because he failed to file any dispositive pleadings or move the case to a final adjudication in the six years it has been pending. In response, Mr. Guseinov alleges he has spent over $500,000.00 attempting to collect the California judgment from Mr. Burns. Mr. Guseinov contends the reason for the delay is because Mr. Burns "has mounted intense efforts resisting that collection process in each of these forums."

satisfied the California judgment—precluded summary judgment. He also requested that the trial court conduct an evidentiary hearing on the issue of satisfaction.

The trial court granted Mr. Guseinov's motion for summary judgment, effectively enrolling the judgment in Tennessee. The trial court found that it could only decline to afford full faith and credit to foreign judgments in three circumstances: (i) when there was a lack of jurisdiction, (ii) where there was fraud, (iii) where it would otherwise violate public policy. The trial court stated:

> [Mr. Burns] has provided no authority to the Court that demonstrates that the issues [Mr. Burns] raises, in response to the Motion for Summary Judgment, are appropriately before and should be considered by Tennessee courts. Absent any such authority that this Court has jurisdiction to grant the relief [Mr. Burns] seeks merely because he raises an affirmative defense, the Court finds the Motion for Summary Judgment is well taken and should be granted.

Mr. Burns filed a Motion to Alter or Amend on November 15, 2013 asking the trial court to reconsider its ruling in favor of Mr. Guseinov on his motion for summary judgment. In Mr. Burns's motion, he argued that there are *at least* three—and not *only* three—ways a court can decline to afford a foreign judgment full faith and credit, as discussed above. According to Mr. Burns, in addition to those three circumstances, post-judgment satisfaction can also be raised as a defense or counterclaim in Tennessee to the enrollment of a foreign judgment. The trial court disagreed and denied Mr. Burns's Motion to Alter or Amend, stating that it was "not persuaded that . . . [Rule 60.02(4)] may also prevent the enforcement of a foreign judgment."[5] The trial court also found that it did not have the jurisdiction to hear Appellant's affirmative defense of satisfaction, and that the defense must be heard by the California court.[6] Mr. Burns timely filed this appeal.

## Issues[7]

---

[5]This Court reviews the motion for summary judgment as it pertains to the enrollment of the foreign judgment, not the enforcement of the foreign judgment. *See* discussion *supra* p. 9.

[6]We decline to address whether the California court has jurisdiction to hear Mr. Burns's defenses and counterclaims. Any opinion on this issue would be advisory and is outside the purview of this Court's review.

[7]We note that the separate issue of whether post-judgment satisfaction can serve as a defense to the *enforcement* of a judgment was not before the trial court, and we do not discuss it in this Opinion.

-4-

Mr. Burns presents two issues for review by this Court:

> 1. Whether the trial court erred in granting summary judgment in favor of Appellee, allowing enrollment of the foreign judgment, by finding as a matter of law that Tennessee does not recognize satisfaction of the foreign judgment as a defense to enrollment under Article IV, Section 1 of the United States Constitution ("Full Faith and Credit Clause").
>
> 2. Whether the trial court erred in declining jurisdiction to hear Appellant's counterclaim that the California judgment was satisfied prior to Appellee seeking enrollment of the California judgment in Tennessee in violation of Appellant's due process rights under Amendment XIV, Section 1 of the United States Constitution.

**Standard of Review**

A trial court's decision of whether to grant or deny a motion for summary judgment is a question of law. ***Bain v. Wells,*** 936 S.W.2d 618, 622 (Tenn. 1997). Our review is therefore *de novo* with no presumption of correctness afforded to the trial court's determination. ***Id.*** Rule 56.04 of the Tennessee Rules of Civil Procedure provides that summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A disputed fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." ***Byrd v. Hall***, 847 S.W.2d 208, 215 (Tenn. 1993). In evaluating the trial court's decision to grant summary judgment, we review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. ***Mooney v. Sneed***, 30 S.W.3d 304, 305–06 (Tenn. 2000); ***Byrd,*** 847 S.W.2d at 210–11.

Moreover, whether to grant full faith and credit to a foreign judgment is a question of law, and therefore, we review the decision *de novo* upon the record with no presumption or correctness for the trial court's conclusions of law. ***Minor Miracle Prods., LLC v. Starkey***, No. M2011-00072-COA-R3-CV, 2012 WL 112593, at *4 (Tenn. Ct. App. Jan. 12, 2012); ***W & T, Inc. v. Ham***, No. M2006-01617-COA-R3-CV, 2009 WL 225256, at *3 (Tenn. Ct. App. Jan. 29, 2009).

**Analysis**

**Full Faith and Credit**

The Full Faith and Credit Clause of the United States Constitution provides: "Full Faith and Credit shall be given in each state to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art IV, § 1. It is well settled that the Full Faith and Credit Clause of the United States Constitution requires the judgment of a state court, having both personal and subject matter jurisdiction, be given the "same credit, validity and effect in the courts of every other state and that such judgment be equally conclusive upon the merits in the courts of the enforcing states." *Mirage Casino Hotel v. J. Roger Pearsall*, No. 02A01-9608-CV-00198, 1997 WL 275589, at *3 (Tenn. Ct. App. May 27, 1997). The Full Faith and Credit Clause manifests an important federal policy, one that makes the states "integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the state of its origin." *Milwaukee Cnty. v. M.E. White Co.* 296 U.S. 268, 277 (1935).

Despite the strong policy behind this constitutional provision, three recognized exceptions to the enrollment of a foreign judgment exist. *Mirage Casino-Hotel*, 1997 WL 275589 at *4; *Four Seasons Gardening & Landscaping, Inc. v. Crouch*, 688 S.W.2d 439 (Tenn. Ct. App. 1984). Specifically, a forum state may decline to accord full faith and credit to a foreign judgment of another state if it is: (1) void due to a lack of personal or subject matter jurisdiction, (2) based upon fraud, or (3) where enforcement of the judgment would violate the public policy of the forum state. *Mirage Casino Hotel*, 1997 WL 275589, at *4. Tennessee courts have recognized and embraced all three of these exceptions. *E.g.*, *BancorpSouth Bank v. Johnson*, No. W2012-00452-COA-R3-CV, 2013 WL 3770856 (Tenn. Ct. App. July 16, 2013) (citing *Trustmark Nat'l Bank v. Miller*, 209 S.W.3d 54, 57 (Tenn. Ct. App. 2006) (recognizing the fraud exception); *Four Seasons Gardening & Landscaping, Inc. v. Crouch*, 688 S.W.2d 439, 445 (Tenn. Ct. App. 1984) (recognizing personal jurisdiction and public policy exceptions).

A party who seeks to prevent the enrollment of a foreign judgment in Tennessee carries a "stern and heavy" burden. *Coastcom, Inc. v. Cruzan*, 981 S.W.2d 179 (Tenn. Ct. App. Apr. 25, 2007) (citing *Dement v. Kitts*, 777 S.W.2d 33, 36 (Tenn. Ct. App. 1989)). Moreover, "[t]he factual issues underlying the foreign judgment may not be the basis of an inquiry to deny the foreign judgment full faith and credit." *Bancorp South Bank*, 2013 WL 3770856, at *3 (citing *First State Bank of Holly Springs, Miss. v. Wyssbrod*, 124 S.W.3d 566, 573 (Tenn. Ct. App. 2003).

Tennessee's adoption of the Uniform Enforcement of Foreign Judgments Act ("UEFJA") provides a mechanism for a party to enroll a judgment. Tenn. Code Ann. §§ 26-6-101 to -108. The UEFJA permits a party to enroll a judgment by filing a complaint in the

Tennessee Circuit or Chancery courts. *Id.* at § 26-6-107. Regarding judgments that have been properly enrolled, the UEFJA provides that:

> A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record in this state and may be enforced or satisfied in like manner.

Tenn. Code Ann. § 26-6-104(c). Tennessee courts also recognize that the UEFJA creates a "registration process that leads to enforcement, thereby tightly binding registration and enforcement[.] [I]t does not eliminate the **two-step nature** of the process." *Baumann v. Williams*, No. M2006-00962-COA-R3-CV, 2007 WL 3375365, at *2 (Tenn. Ct. App. Nov. 13, 2007) (emphasis added); *see also In re Goodwin*, 325 B.R. 328, 330 (Bankr. M.D. Fla. 2005) (holding that Florida's virtually identical uniform enforcement foreign judgment scheme "contains a two step process: (1) recognition and (2) enforcement"). The two-step process consists of enrollment first and then enforcement. *See Baumann*, 2007 WL 3375365, at *2 (citing Restatement (Second) of Conflict of Law ch. 5, topic 2, intro. cmt., at 277 (1971) ("Recognition and enforcement of a judgment involve a two-step process; '[r]ecognition of a judgment is a condition precedent to its enforcement.'"). "Permitting the enrollment of the [foreign] judgment is not a determination that it is enforceable." *Baumann*, 2007 WL 3375365, at *2.

In this case, Mr. Burns asserts that the trial court erred in granting summary judgment, whereby the trial court enrolled the California judgment in Tennessee. Mr. Burns contends that his alleged satisfaction of the judgment creates a dispute of material fact, rendering summary judgment inappropriate. He bases his argument on Tennessee Rule of Civil Procedure 60.02(4), which provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: . . . (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application. . .

Relying upon this Rule and case law from our sister states, Mr. Burns argues that "[p]ost-judgment satisfaction is a defense to the enrollment of a foreign state judgment."

Ultimately, Mr. Burns asks this Court to recognize a new exception to the enrollment

of a foreign judgment under the Full Faith and Credit Clause: post-judgment satisfaction. In light of the Full Faith and Credit Clause's strong policy of promoting the acceptance of sister states' judgments, we decline to hold that Rule 60.02(4) may act as a mechanism to vitiate this policy. In fact, Tennessee courts have held that Rule 60.02 is not such a defense as presented by Mr. Burns, but an "escape valve" for a party seeking relief from a judgment. ***NCNB Nat'l Bank of N. Carolina v. Thraikill***, 856 S.W.2d 150, 153 (Tenn. Ct. App. 1993), *perm. app. denied* (Tenn. 1993). In this case, Mr. Burns's view that satisfaction will prevent enrollment, even *via* summary judgment, is misinformed. Even accepting Appellant's allegation that he satisfied the judgment as true, satisfaction of a foreign judgment is not a material fact relating to enrollment. Although Mr. Burns argues that Tennessee courts recognize "at least three exceptions," he fails to provide any Tennessee law recognizing additional exceptions. Our own research suggests that this is because Tennessee courts have limited their inquiry to the three established exceptions. Consequently, we decline to expand the law to add the additional exception of satisfaction as a defense to enrollment.

In our view, Mr. Burns's argument does not challenge the validity of the California judgment relative to the enrollment phase but instead is more suited to address the enforceability of the judgment against Mr. Burns. ***Baumann***, 2007 WL 3375365, at *2 (holding that the enrollment of a foreign judgment is not a determination that it is enforceable). In ***Baumann***, a judgment creditor sought to enroll a foreign judgment in Tennessee. The judgment debtor objected to the judgment, claiming that the judgment was facially ambiguous because the judgment did not state "upon which [d]efendant judgment was entered." *Id.* at *1. The judgment debtor filed a motion to dismiss, which the trial court denied. On appeal, this Court affirmed the trial court's denial of the motion to dismiss, and reiterated the distinction between enrollment and enforcement. Finding the judgment debtor's appeal premature, we concluded that "the decision to allow enrollment reflects a conclusion that the document has been properly authenticated as a valid judgment from a sister state." *Id.* at *2. In this Court's view, only once "a foreign judgment ***has been enrolled*** [, does it have] the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of record in Tennessee." ***Coastcom, Inc. v. Cruzen***, 981 S.W.2d 179, 181 (Tenn. Ct. App. 1998) (citations omitted). Tennessee courts have repeatedly recognized that an already-enrolled judgment remains subject to attack similar to a judgment originating in a Tennessee court. *See, e.g.*, ***First State Bank of Holly Springs, Miss. v. Wyssbrod***, 124 S.W.3d 566, 573 (Tenn. Ct. App. 2003; *see also* ***Longphre v. Longphre***, No. E2006-00323-COA-R3-CV, 2007 WL 1214965, at *4 (Tenn. Ct. App. 2007); ***Bailey v. Sneed***, 49 S.W.3d 327, 329 (Tenn. Ct. App. 2001); ***Brown v. Brown***, 29 S.W.3d 491, 494 (Tenn. Ct. App. 2000). However, before summary judgment was granted in favor of Mr. Guseinov, the California judgment had not yet been enrolled. Notably, in his own brief, Mr. Burns, referring to Tennessee Rule of Procedure 60.02(4), states:

> Specifically, one of the grounds available for attacking the *enforcement* of a Tennessee judgment in a Tennessee court is [the judgment has been satisfied . . .

The language we cite from Mr. Burns's brief demonstrates that Mr. Burns's argument is better directed at seeking to prevent the enforcement of the judgment, rather than its enrollment. Indeed, the office of Rule 60.02 is not to prevent the enrollment of foreign judgments, but to "afford relief from judgments which [h]ave been entered." *Zeitlin v. Zeitlin*, 544 S.W.2d 103, 106 (Tenn. Ct. App. 1976). At this stage in the litigation, Mr. Guseinov merely seeks to enroll the judgment in Tennessee, and he has met the requirements to do so, which are "few and straightforward." *See generally* **Boardwalk Regency Corp. v. Patterson**, No. M1999-02805-COA-R3-CV, 2001 WL 1613892, at *4 (Tenn. Ct. App. Dec. 18, 2001). While we decline to opine on whether Rule 60.02(4)'s satisfaction defense may prevent enforcement, we conclude that satisfaction—even if disputed—is immaterial at the enrollment phase. Because the alleged satisfaction of the judgment was the only fact alleged to be in dispute, we conclude that the trial court did not err in holding that no material facts were in dispute, and consequently, granting summary judgment in favor of Mr. Guseinov.

### Due Process

Mr. Burns argues he has been denied due process of law because the trial court declined to conduct an evidentiary hearing for him to offer evidence that he had satisfied the California judgment. When a person asserts a procedural due process claim, the court must initially determine whether the person has an interest entitled to due process protection. **Bd. of Regents of State Colls. v. Roth**, 408 U.S. 564, 570–71 (1972); **Rowe v. Bd. of Educ. of City of Chattanooga**, 938 S.W.2d 351, 354 (Tenn. 1996). Upon finding an interest entitled to due process protection, the court must then determine what process is due. *Morrissey*, 408 U.S. at 481. Notice and the opportunity to be heard are the minimal requirements of due process. *See* U.S. Const. amend. XIV; **Mathews v. Eldridge**, 424 U.S. 319, 333 (1976). We also note that "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." **Morrissey v. Brewer**, 408 U.S. 471, 481 (1972).

The summary judgment process is "designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no genuine dispute regarding material facts." **Byrd v. Hall**, 847 S.W.2d 208, 210 (Tenn. 1993). On appeal, Mr. Burns has failed to articulate a valid objection to Mr. Guseinov's statement of undisputed facts. Had Mr. Burns revealed any material facts in dispute, the trial court would then have been required to afford him a trial on the merits before enrollment of the California judgment. *See* **Smith v. Metro. Gov. of Nashville**, No. 01A01-9607-CV-00338, 1997 WL 13749 (Tenn. Ct. App. Jan. 16, 1997), *perm. app. denied* (Tenn. 1997) (affirming the trial

court's grant of summary judgment in light of plaintiff's due process objections because plaintiff failed to articulate material issues of fact in dispute); *see also, e.g.*, ***Father & Sons Lumber & Bldg. Supplies v. NLRB***, 931 F.2d 1093, 1096 (6th Cir. 1991) (rejecting employers' argument that labor board violated their due process rights by denying them an evidentiary hearing after employers permitted entry of a default summary judgment against them). In ***Smith***, the plaintiff brought an action against the defendant for removing him from his property, which had been condemned by one of the defendants, the Metropolitan Development and Housing Agency ("MDHA"). In several causes of action, plaintiff asserted that the defendants obtained a criminal warrant against plaintiff for criminal trespass, arrested him, incarcerated him, and then removed plaintiff's possessions from the condemned property. Ultimately, the trial court granted defendants' motions for both summary judgment and to dismiss. Despite the plaintiff's argument that he was "entitled to his day in court to have the case determined on the merits," this Court held that plaintiff's due process rights were not violated because the trial court's decision was based on a procedural mechanism (i.e. the statute of limitations) that precluded a trial on the merits. ***Smith***, 1997 WL 13749 at *3. Similarly, in this case, we conclude that Mr. Burns had no right to an evidentiary hearing because no material facts were in dispute, and therefore, the trial court properly granted summary judgment to enroll the California judgment. Indeed, this Court has previously held that domestication of a foreign judgment may be properly accomplished through summary judgment. *See **Biogen Distributors, Inc. v. Tanner***, 842 S.W.2d 253, 256 (Tenn. Ct. App. 1992) ("[P]ersons seeking to domesticate a foreign judgment may do so using a summary judgment as long as they satisfy the trial court . . . that there are no disputes as to any material fact and that they are entitled to judgment as a matter of law"). Thus, Mr. Burns's due process rights were not violated by the trial court's proper utilization of the summary judgment mechanism contained in the Tennessee Rules of Civil Procedure.

## Conclusion

We conclude that Mr. Guseinov is entitled to summary judgment as a matter of law. Because satisfaction of a judgment cannot prevent its enrollment pursuant to the Full Faith and Credit Clause, we hold that Mr. Burns's alleged satisfaction of the California judgment is immaterial. We further conclude that because summary judgment was proper, Mr. Burns's due process rights were not violated when he was not afforded an evidentiary hearing.

The judgment of the trial court granting summary judgment to Mr. Guseinov is affirmed. This case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this Opinion. The costs of this appeal are assessed against Appellant Stan Burns and his surety.

_____
J. STEVEN STAFFORD, JUDGE