IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 5, 2018 Session

## CAPITAL PARTNERS NETWORK OT, INC. v. TNG CONTRACTORS, LLC, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 17C2766      Hamilton V. Gayden, Jr., Judge**

_____

### No. M2018-00411-COA-R3-CV

_____

Plaintiff in this action, which recovered a judgment against the Tennessee Defendants in a New York court, sought to enroll and enforce the judgment in accordance with the Uniform Enforcement of Foreign Judgments Act, Tennessee Code Annotated sections 26-6-101 to -108, in Davidson County Circuit Court. Defendants moved to dismiss the proceeding and to deny the New York judgment full faith and credit on the ground, *inter alia*, that it was void under Tennessee law. The court denied the motion, held that the judgment was entitled to full faith and credit, and enrolled the judgment. Defendants appeal; we reverse and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court for Davidson County Reversed; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and BRANDON O. GIBSON, JJ., joined.

Benjamin E. Goldammer and Kay Griffin, Nashville, Tennessee, for the appellants, TNG Contractors, LLC and Akbar Arab.

John A. Bell, Jr., Nashville, Tennessee, for the appellant, M & A Development, LLC.

James Michael Clemons, Nashville, Tennessee, for the appellee, Capital Partners Network OT, Inc.

## OPINION

## I.      FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Capital Partners Network OT, Inc., recovered a Judgment By Confession in the Orange County, New York, Supreme Court against TNG Contractors, LLC

("TNG"), M&A Development, LLC ("M&A"), and Mr. Akbar Arab ("Mr. Arab") on September 5, 2017. On October 31, Capital Partners filed a "Notice of Filing" in Davidson County Circuit Court pursuant to the Uniform Enforcement of Foreign Judgments Act (UEFJA), codified at Tennessee Code Annotated sections 26-6-101 to -108. A copy of the New York "Judgement by Confession" together with a "Certificate of Exemplification," authenticated by the Orange County Court Clerk and Justice of the court, were included with the Notice.[1]

On January 5, 2018, TNG and Mr. Arab filed an Answer alleging:

2. The underlying judgment is void as a matter of law pursuant to T.C.A. § 25-2-101(a) because it was based on a power of attorney to confess a judgment given before an action was instituted. See T.C.A. § 25-2-101(a) ("Any power of attorney or authority to confess judgment which is given before an action is instituted and before the service of process in such action, is declared void and any judgment based on such power of attorney or authority is likewise declared void.").

3. The underlying judgment is void as a matter of law because it is premised upon a usurious interest rate. See generally T.C.A. § 47-14-101, et seq.

4. The underlying judgment is void because it violates Tennessee public policy and due process.

5. The underlying judgment is void because it is premised upon an unlawful, unconscionable and enforceable contract of adhesion.

6. The underlying judgment is void because the forum court lacked jurisdiction.

---

[1] The judgment stated:

Plaintiff, CAPITAL PARTNERS NETWORK, OT, located at 11 Broadway, Suite 814, New York, NY 10004, has judgment and does recover of Defendant TNG CONTRACTORS, LLC/M&A DEVELOPMENT LLC, having an address at [    ], Nashville 37210, and Defendant, AKBAR ARAB, having an address at [    ] Nashville, 37215 jointly and severally; the sum of $71,938.74 plus interest sixteen percent (16%) as calculated by the clerk in the amount of $220.74, plus costs and disbursements as taxed by the clerk in the amount of $225.00, plus reasonable attorney's fees in the amount of $23,739.78 for a total sum of $96,124.23; and that Plaintiff CAPITAL PARTNERS NETWORK, OT shall have execution therefor.

2

7. The Defendants have not been properly served with process in this action as required by the Tennessee Rules of Civil Procedure. These Defendants assert the defenses of insufficient process and insufficient service of process.

8. The petition filed in this action is being prosecuted unlawfully. The corporation asserting claims is not represented by an attorney licensed to practice law in the State of Tennessee as required by T.C.A. § 23-3-103.

9. The Plaintiff has not filed all documents required by Tenn. R. Civ. Proc. 3A and the petition is facially deficient.

TNG and Mr. Arab also moved pursuant to Tennessee Rules of Civil Procedure 12.02(6) and 60.02 to dismiss the proceeding and to vacate the New York judgment and deny it full faith and credit, arguing that "[t]he judgment is void as a matter of law under T.C.A. § 25-2-101(a) because it is premised on a prelitigation confession of judgment." M&A did not file an answer or join in the motion to dismiss.

The trial court entered an order on February 7, holding that it was "required to accord full faith and credit to the foreign judgment at issue"; the court denied the motion to dismiss and "made [the New York Judgment] a judgment of this Court." The court stayed execution on the judgment pending the appeal "given the novelty of the legal issue presented in the motion." In light of the fact that M&A had not joined in the motion or filed a responsive pleading, the court subsequently entered an agreed order, including M&A within the scope of the February 7 order, thereby making the denial of the motion and entry of the New York judgment as a judgment of the Tennessee court a final order. TNG, Arab, and M&A appeal, raising the following issues:

1. Whether the trial court erred in domesticating a foreign judgment based on a pre-litigation confession of judgment obtained in violation of T.C.A. § 25-2-101(a)?

2. Whether the trial court erred in domesticating a foreign judgment where the defendants had demanded a trial on the merits concerning the underlying validity of the foreign judgment in accordance with Tenn. R. Civ. Proc. 3A?

## II. STANDARD OF REVIEW

"[W]hether to grant full faith and credit to a foreign judgment is a question of law, and therefore, we review the decision de novo upon the record with no presumption or correctness for the trial court's conclusions of law." *Guseinov v. Synergy Ventures, Inc.*, 467 S.W.3d 920, 924 (Tenn. Ct. App. 2014).

## III. ANALYSIS

The Full Faith and Credit Clause of the United States Constitution provides that 'Full Faith and Credit shall be given in each state to the public Acts, Records, and judicial Proceedings of every other State.'" U.S. Const. art. IV, § 1. The Full Faith and Credit clause "requires the judgment of a state court, having both personal and subject matter jurisdiction, be given the 'same credit, validity and effect in the courts of every other state and that such judgment be equally conclusive upon the merits in the courts of the enforcing states.'" *Guseinov*, 467 S.W.3d at 924 (quoting *Mirage Casino Hotel v. J. Roger Pearsall,* No. 02A01-9608-CV-00198, 1997 WL 275589, at *3 (Tenn. Ct. App. May 27, 1997)).

The UEFJA "codifies the Full Faith and Credit clause," *In re Proceeding to Enforce Judgment Against Nat'l Partitions, Inc.*, No. E2016-00339-COA-R3-CV, 2017 WL 1149208, at *4 (Tenn. Ct. App. Mar. 27, 2017), and "provides a streamlined process"[2] for the enrollment and enforcement of a foreign judgment, *Baumann v. Williams*, No. M2006-00962-COA-R3CV, 2007 WL 3375365, at *2 (Tenn. Ct. App. Nov. 13, 2007). However, this streamlined process does not dispense with "the two-step nature of the process," i.e., "enrollment first and then enforcement." *Guseinov*, 467 S.W.3d at 925 (citing *Baumann*, 2007 WL 3375365, at *2. While a party seeking to prevent enrollment of a foreign judgment faces a "stern and heavy burden," *Guseinov*, 467 S.W.3d at 925 (quoting *Coastcom, Inc. v. Cruzen,* 981 S.W.2d 179, 181 (Tenn. Ct. App. 1998)), there are three circumstances in which a Tennessee court may refuse to enroll a foreign judgment: (1) if the judgment is void due to a lack of personal or subject matter jurisdiction, (2) if the judgment is based upon fraud, or (3) where enforcement of the judgment would violate the public policy of Tennessee. *Guseinov*, 467 S.W.3d at 925 (citing *Mirage Casino-Hotel,* 1997 WL 275589 at *4). Enforcement of a foreign judgment may be challenged via the "'same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of record in Tennessee . . . .'" *Baumann*, 2007 WL 3375365, at *2 (quoting *First State Bank of Holly Springs, Miss. v. Wyssbrod,* 124 S.W.3d 566, 573 (Tenn. Ct. App. 2003)).

---

[2] The process under the UEFJA begins with the filing of the foreign judgment. Tenn. Code Ann. § 26-6-104. "The requirements for filing a foreign judgment are few and straightforward." *Baumann*, 2007 WL 3375365, at *2. In Baumann, we explained the process required by the statute:

> A person desiring to file a judgment must file a copy of the judgment that has been authenticated in accordance with Tennessee law. Tenn. Code Ann. § 26-6-104(a). Along with the authenticated copy of the judgment, the person desiring to file a judgment must also file an affidavit containing the names and last known addresses of the judgment creditor and the judgment debtor. Tenn. Code Ann. § 26-6-105(a). Once these documents are filed, the clerk of the court in which they were filed must issue a summons to the judgment debtor. Tenn. Code Ann. § 26-6-105(b).

*Id.*

4

Tennessee Rule of Civil Procedure 3A governs proceedings to enforce foreign judgments; the rule was promulgated to "ensure that trial courts follow the same process [for enrolling and enforcing foreign judgments] throughout the state." Tenn. R. Civ. P. 3A.04 (advisory commission comments (2013)). Rule 3A.01 and 3A.03, respectively, set forth the responsibilities of the judgment creditor and the clerk; Rule 3A.04 allows for the judgment debtor to file a response or answer within 30 days after service of the summons issued by the clerk. If the debtor disputes the notice of filing the foreign judgment, "the [UEFJA] entitles the debtor to a trial on the merits concerning the underlying validity of the judgment, and the Tennessee Rules of Civil Procedure govern the trial on the merits on that answer and response." *Id.*

In the case at bar, the court only heard the Defendants' motion to dismiss before enrolling the New York judgment. Pursuant to the UEFJA and Rule 3A, however, Defendants were entitled to a trial on the merits of the defenses to enrollment and enforcement that were raised in their Answer. Accordingly, the judgment of the trial court is reversed and the case remanded for further proceedings consistent with this opinion.[3]

_____
RICHARD H. DINKINS, JUDGE

---

[3] Given our resolution of this appeal, consideration of the first issue raised by Defendants is pretermitted.