IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 2, 2018

**PATRICIA FRIAS v. FELIPE FRIAS, ET AL.**

**Appeal from the Chancery Court for White County**
**No. 2017-CV-43     Ronald Thurman, Chancellor**

_____

**No. M2017-02391-COA-R3-CV**

_____

Ex-husband appeals the entry in a Tennessee Chancery Court of an order authenticating a judgment entered against him in his California divorce proceeding; the judgment also imposed a constructive trust on real property he purchased in Tennessee in violation of orders of the California court. We discern no error in the judgment of the Chancery Court and accordingly, affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KENNY W. ARMSTRONG, J., joined.

Felipe Frias, Sparta, Tennessee, *Pro Se*.

The'resa Dunnavant, Sparta, Tennessee, *Pro Se.*

William D. Mitchell, Sparta, Tennessee, for the appellee, Patricia Frias.

**MEMORANDUM OPINION**[1]

Felipe Frias and Patricia Frias were declared divorced by the Family Law Court for the Superior Court of California, Sonoma, California, in March 2006. Litigation has

---

[1] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

continued since the divorce over various matters pertaining to the parties' property division.  At some point, Mr. Frias moved to White County, Tennessee, and purchased two parcels of real property.  On November 7, 2016, the California Family Law Court ordered Mr. Frias pay Ms. Frias $205,000.00, plus interest, for violating previous orders of the court by withdrawing "approximately $205,000.00 from the parties' joint account," of which the "said funds [were] to be distributed to Patricia Frias in partial satisfaction of her share of the proceeds of the parties' former home."

On April 20, 2017, Ms. Frias filed a sworn complaint in the Chancery Court of White County, seeking to enforce the California judgment pursuant to Tennessee Code Annotated section 26-6-101 *et. seq.* and to attach the real property Mr. Frias purchased in that county.  The complaint named Mr. Frias and The'resa Dunnavant as defendants.[2]  In the complaint, Ms. Frias alleged that her ex-husband withdrew $205,000 from the parties' joint bank account, in violation of the California order, and purchased two tracts of land in White County, Tennessee, as well as a truck.  Ms. Frias requested that a constructive trust be imposed on Mr. Frias' real and personal properties and that attachment issue for the purpose of satisfaction of the judgment issued by the California court.

In due course, Ms. Frias moved for a default judgment; Mr. Frias filed an initial response, and later he and Ms. Dunnavant, both proceeding *pro se*, filed separate, but virtually identical, pleadings styled "Defense/Response to Foreign Judgment."  These pleadings contain a chart of allegations in the complaint and the Defendant's answer to that allegation.  A trial was held.  The Statement of Evidence approved by the trial court recites:[3]

> This matter came on to be heard the 6th day of November, 2017 before the Honorable Ronald Thurman upon the sworn Complaint to Enforce a Foreign Judgment and the Attachment of Certain Real Property By Constructive Trust bought by the plaintiff, PATRICIA FRIAS, the ex-wife of defendant, FELIPE FRIAS.
>
> Plaintiff's counsel presented a certified order (Exhibit 1, filed without objection) entered by the Family Law Court for the Superior Court of California, Sonoma County, Case # SFL-20214 rendered on or about November 7, 2016 ordering the defendant, FELIPE FRIAS, to pay the plaintiff, PATRICIA FRIAS, the principal sum of $205,000, plus legal interest at ten percent (10%) per annum from March 29, 2015.

---

[2] Though not entirely clear from the parties' pleadings what type of relationship existed between the Defendants, the deeds entered as evidence at trial indicate that they were married. Both deeds recite that the properties were transferred to "Felipe Frias **and wife**, The'resa Dunnavant . . ." (Emphasis added.)

[3] The Appellants do not challenge the accuracy of the statement of the evidence.

The order further provides that it may be enforced as "a sister state judgment." Additionally, FELIPE FRIAS was ordered to a show cause hearing on May 17, 2017 for "taking the funds in violation of the court orders."

The plaintiff called FELIPE FRIAS as an adverse witness and he testified that the parties (he and his ex-wife) have been in protracted litigation in the Family Law Court for the Superior Court of California, Sonoma County since early 2000 when the divorce proceeding began. He further testified that he filed a motion to sell the parties marital home and same was ordered as of November 7, 2014. On April 4, 2015 an Order of Disposition regarding the sale proceeds was rendered and the wife was to get $222,935.11 from the net proceeds. Thereafter, Mr. Frias admitted that on March 25, 2015 he withdrew the sum of $205,469.71 from Wells Fargo Bank (Wells Fargo withdrawal slip filed as Exhibit 3), same being in violation of the Family Court order and resulting in the judgment identified as Exhibit 1. He then left the state of California and moved to White County, Tennessee and purchased a home on March 31, 2015 in the amount of $165,000 (Warranty Deed filed as Exhibit 2). Thereafter, Mr. Frias purchased additional property in White County with the wrongfully taken funds as identified by Exhibit 4. Mr. Frias stated that he also put the name of Theresa S. Dunnivant on the referenced deeds because she had been so good to him. Mr. Frias did not deny that he used the misappropriated funds for the purchase of these properties.

Mr. Frias stated that he was held in contempt of court on June 29, 2017 in California and was found guilty of violating both prior court orders rendered by the Family Law Court and sentenced to ten (10) days in jail with a $2,000 fine and simultaneously, the court reconfirmed the validity of both of the prior orders, specifically the order of November 7, 2016. Mr. Frias thereafter served five (5) days in jail on the contempt violation but did not pay the imposed fine.

Mr. Frias attempted to offer into evidence numerous extraneous uncertified pleadings from the California court, same being marked for identification purposes only and identified by Exhibits 7, 8, 9, 10 and 11.

There were no other witnesses or evidence presented in the trial of this proceeding and the court rendered its decision favorable to the plaintiff authorizing the enforcement of the Foreign Judgment and imposing the constructive trust in favor of the plaintiff establishing her ownership in the real property purchased in White County, Tennessee with the funds wrongfully taken from the state of California.

3

The court entered an order on November 8, 2017, authenticating the $205,000.00 judgment against Mr. Frias in the California court and making it the order of the White County Chancery Court, pursuant to Tennessee Code Annotated section 26-6-101 *et. seq.* The Court allowed Mr. Frias a credit for the amounts paid for the two properties ($165,000.00 and $23,000.00), which it ordered be held in a constructive trust "in favor of [Ms. Frias], establishing her ownership in the [two pieces of real property], and divesting [Mr. Frias and Ms. Dunnavant] of any title or interest" in the property. The court stayed enforcement of the judgment for 60 days, after which point it would be "fully enforceable absent a ruling by the Court of Appeals for the State of California favorable to the defendant, Filip [sic] Frias, and judicially effecting the legitimacy of the California order sought to be authenticated."[4] The court also ordered that, during the 60-day stay, the defendants were prohibited from selling or adversely encumbering the titles to the tracts of land.

Mr. Frias timely appealed on December 5; Ms. Dunnavant subsequently joined the appeal.

While a party seeking to prevent enrollment of a foreign judgment faces a "stern and heavy burden," *Guseinov v. Synergy Ventures, Inc.*, 467 S.W.3d 920, 925 (Tenn. Ct. App. 2014) (quoting *Coastcom, Inc. v. Cruzen,* 981 S.W.2d 179, 181 (Tenn. Ct. App. 1998) ), there are three circumstances in which a Tennessee court may refuse to enroll a foreign judgment: (1) if the judgment is void due to a lack of personal or subject matter jurisdiction, (2) if the judgment is based upon fraud, or (3) where enforcement of the judgment would violate the public policy of Tennessee. *Guseinov*, 467 S.W.3d at 925 (citing *Mirage Casino Hotel v. Pearsall*, No. 02A01-9608-CV-00198, 1997 WL 275589, at *4 (Tenn. Ct. App. May 27, 1997)

The Appellants' brief is not a model of clarity; they attempt to raise numerous issues on appeal, but, at bottom, argue that the California judgment should not be enforced because Ms. Frias committed "fraud" and "forgery" in the California proceedings. As is apparent from a review of the Statement of the Evidence, there was no proof of fraud at the hearing, and the court did not make any finding in that regard. There is nothing in the record that indicates fraud or any other reason to not enroll the judgment.

The California judgment was properly authenticated and enrolled as an order of the White County Chancery Court in accordance with Tennessee Code Annotated section 26-6-101 *et. seq.* Given the circumstances giving rise to Mr. Frias' and Ms. Dunnavant's

---

[4] Due to the fact that the record on appeal contains no such ruling from a California appeals court and no motion to consider such a ruling as a post-judgment fact was filed by the Appellants, we presume Mr. Frias did not obtain such a ruling and that the stay expired on January 8, 2018.

title to the property, the trial court properly imposed a constructive trust. *See Livesay v. Keaton*, 611 S.W.2d 581, 584 (Tenn. Ct. App. 1980).

For the foregoing reasons, we affirm the judgment of the trial court.

_____
RICHARD H. DINKINS, JUDGE