WATERHOUSE *v.* McPHEETERS, SHERIFF.

(*Knoxville,* September Term, 1940.)

Opinion filed December 18, 1940.

CARMACK WATERHOUSE, of Chattanooga, for complainant.

CANTRELL, MEACHAM & MOON, of Chattanooga, and SWAFFORD & WOODLEE, of Dayton, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The bill sought to enjoin the defendants, one of whom was the Sheriff of Rhea County and the other Miller Brothers Company, from further advertising or offering for sale under execution property described in the bill in which complainant alleged he had an interest. The prayer was, also, that the levies made by the officer be declared null and void and the cloud on complainant's title thereby created removed and that damages be awarded complainant for alleged libel and slander on the marketable title of complainant to the lands. It is alleged that the officer was seeking by the levies of executions on these lands to collect a judgment of some $6,000 rendered by the Court of Appeals in favor of Miller Brothers, made one of the defendants. It was shown by the bill that, as to one of the tracts of land described, the judgment debtor Euclid Waterhouse's interest therein was a life estate only and that complainant had a remainder interest therein and that the levy was upon the fee. And, as to the other tract, it was alleged that the complainant was the holder of an unrecorded contract to convey the land to him, executed by Euclid Waterhouse, the holder of the record title, in exchange for other property.

Demurrers were interposed which challenge the jurisdiction of the Chancery Court to entertain the bill on the ground that it sought to recover unliquidated damages for alleged slander or libel of the title; also, because the allegations of the bill were insufficient in that no allegation or showing was made of malice in the levying of the executions.

While the Chancellor sustained the demurrers in the main, he sustained the bill to the extent of restraining the prosecution of the sale of the first tract except as to the life estate of Euclid Waterhouse. As to the second tract, the Chancellor held that complainant alleged an equitable title only as to which no notice to the defendants was shown. He dismissed the bill, with the exception hereinbefore indicated.

In this Court there appears to be presented the question only of the right to prosecute the cause for the purpose of recovering damages for the alleged slander and libel incident to the levying of the executions.

██ Considering, therefore, this question, we are of opinion that there was no error in the action of the Chancellor in dismissing the bill insofar as it sought to recover damages for alleged libel and slander of compainant's title. We find the general rule to be, as held by the Chancellor, that in an action of this nature it is essential, as stated in 37 C. J., page 133, that, "The complaint or petition must allege malice and want of probable cause." The only reported case in this State on this subject to which we are referred is *Smith* v. *Gernt,* 2 Tenn. Civ. App. (2 Higgins), page 65 (*certiorari* denied by this Court), in which it is recognized that slander of title is actionable, although unusual (see 37 C. J., page 129). The opinion in the Gernt Case quotes Cooley on Torts, 260, and cites other authorities for the rule that

malice is a necessary ingredient of the action and must be both alleged and proven, and it is therein shown that a claim of title to property asserted in good faith will not constitute a basis for an action of slander or libel. In addition to the authorities cited above, see the following cited in a memorandum by the learned Chancellor: *Butts* v. *Long,* 106 Mo. App., 313, 80 S. W., 312; *Burkett* v. *Griffith,* 90 Cal., 532, 27 P., 527, 13 L. R. A., 706, 25 Am. St. Rep., 151; *Walden* v. *Peters,* 2 Rob., 331, 38 Am. Dec., 213; *Gent* v. *Lynch,* 23 Md., 58, 87 Am. Dec., 558; *Atchafalaya Land Co.* v. *Lumber Co.,* 130 La., 657, 58 So. 500, Ann. Cas. 1913C, page 1358; *Kelly* v. *First State Bank,* 145 Minn., 331, 177 N. W., 347, 9 A. L. R., 929; 17 R. C. L., 456, par. 218.

Looking to the allegations of this bill, we do not find malice charged in express terms or any such showing of facts as would give rise to a reasonable inference that the levies were made by the officer in this case maliciously. As held by the Chancellor, the return of the officer carrier a presumption that he acted lawfully and that his returns are *prima facie* true. *James* v. *Kennedy et al.,* 57 Tenn. (10 Heisk.), 607; *Hutton* v. *Campbell,* 78 Tenn. (10 Lea), 170.

The conclusion reached and above stated disposes of the appeal and renders it unnecessary for this Court to consider the question briefed as to the jurisdiction of the Chancery Court to entertain a claim for unliquidated damages upon the grounds alleged as an incident of the exercise of the admitted jurisdictional power of the Court to grant equitable relief in the removal of a cloud or otherwise.

The decree is affirmed.