**Arvell Eugene EZELL and wife, Mary Moody Ezell and Lance Duncan, Plaintiffs/Appellants,**

**v.**

**Naymond D. GRAVES and wife, Marjorie B. Graves, Defendants/Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Oct. 10, 1990.

Permission to Appeal Denied by Supreme Court March 11, 1991.

Douglas Thompson Bates, III, Centerville, for plaintiffs/appellants.

William Landis Turner, Keaton, Turner & Spitzer, Hohenwald, for defendants/appellees.

## OPINION

CANTRELL, Judge.

This case requires us to examine several issues relating to the common law tort of libel of title. The court below granted the defendants' motion for summary judgment, concluding that the plaintiffs failed to establish the existence of any special damages. We reverse.

The plaintiffs are the owners of two tracts of land in Perry County, Tennessee. On February 27, 1975, the defendants, who are real estate agents in that area, had their district manager execute to them a deed containing 1330.5 acres more or less of woodland in Perry County. The district manager never claimed ownership of the property. The defendants properly recorded that deed in the Perry County Register's office.

On December 16, 1987, the defendants placed an advertisement in the *Buffalo River Review*, soliciting bids from the public for the sale of this land. The advertisement contained maps and legal descriptions of the property, and listed the defendants as owners. These advertisements eventually came to the attention of the plaintiffs, who recognized that the property being sold included some of their land. The plaintiffs successfully brought an action to quiet their title, incurring more than $5000 in litigation expenses.

After having the cloud removed from their title, the plaintiffs brought the present action seeking damages for the libelous actions of the defendants. They claim as special damages the loss of value to their property caused by the filing of documents and advertisements by the de-

fendants. They also claim the litigation costs incurred in clearing the cloud from their title as special damages. It is conceded by the parties that the plaintiffs have no intention of selling their land. Instead, the plaintiffs contend that their property has lost value as a result of the advertisement and recorded deed. In opposition to the defendants' motion for summary judgment, the plaintiffs submitted the affidavit of a real estate agent with 21 years experience in Perry County, stating his opinion that the defendants' actions have decreased the value of the plaintiffs' land, notwithstanding the fact that the deed was declared void by the court.

In ruling on the defendant's motion for summary judgment, the trial court disregarded the claims for damages. The court held that an essential element of the claim of libel of title is that the plaintiff must prove that an actual prospective purchaser was deterred by the defendants actions from buying the property. Since the plaintiffs admitted that they had no intention of selling their property, the trial court granted the defendants' motion for summary judgment. The trial judge also concluded that the plaintiffs' litigation expenses incurred in removing the cloud from their title are not recoverable as special damages in the present action. We disagree.

Libel of title has long been recognized as an actionable tort in Tennessee. *Smith v. Gernt*, 2 Tenn.C.C.A. (Higgins) 65 (1911). As with all other defamation cases, a plaintiff is required to plead and prove the existence of actual damages in order to succeed with his claim. *Memphis Pub. Co. v. Nichols*, 569 S.W.2d 412 (Tenn.1978); *Handley v. May*, 588 S.W.2d 772 (Tenn.Ct. App.1979). Presumed and punitive damages for libel and slander have been found to be unconstitutional by the United States Supreme Court, at least when liability is based upon a simple negligence theory as opposed to one involving malice. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). In *Memphis Pub. Co. v. Nichols,* our Supreme Court extended the constrictions of *Gertz* so as to require proof of special damages in all def-

amation actions, thereby abolishing the *per se/per quod* distinction. *Id.* at 419, 94 S.Ct. at 2734–2735.

The first question raised on appeal focuses on the extent of the plaintiffs' burden of proving special damages in a libel of title action. While there are no reported Tennessee decisions on point, a majority of the other jurisdictions addressing the issue have concluded that in order to establish special damages for libel of title, the plaintiff must identify a particular prospective purchaser who was prevented by the slander from buying the disparaged property. *Zimmerman v. Hinderlinder,* 105 Colo. 340, 97 P.2d 443 (1939); *Berryman v. Sinclair Prairie Oil Co.,* 164 F.2d 734 (10th Cir.1947); *Wilson v. Dubois,* 35 Minn. 471, 29 N.W. 68 (1886); *Stiles v. Kuriloff,* 6 N.J.Misc. 271, 141 A. 314 (1928); *Kriger v. Industrial Rehabilitation Corp.,* 8 A.D.2d 29, 185 N.Y.S.2d 658 (1959); *Briggs v. Coykendall,* 57 N.D. 785, 224 N.W. 202 (1919); *Hubbard v. Scott,* 85 Or. 1, 166 P. 33 (1917); *Clarkston Community Corp. v. Asotin County Port Dist.,* 3 Wash.App. 1, 472 P.2d 558 (1970); *Barquin v. Hall Oil Co.,* 28 Wyo. 164, 201 P. 352 (1921). *See generally,* Annotation, *Special Damages in Slander of Title Actions,* 4 A.L.R. 4th 532 (1981). While the reasoning of these cases varies, they all apparently focus on the precision with which a plaintiff must prove damages. Absent a showing that a particular purchaser was deterred, these decisions imply that there simply can be no actual damages, or at least the measure would prove too speculative.

But the failure to prove out-of-pocket loss is not necessarily determinative. *Handley v. May,* 588 S.W.2d, at 776. The issue is whether there exists evidence of the types of injury outlined in *Gertz:*

> We need not define "actual injury," as trial courts have wide experience in framing appropriate jury instructions in tort actions. Suffice it to say that actual injury is not limited to out-of-pocket loss. Indeed, the more customary types of actual harm inflicted by defamatory falsehood include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering. Of course, juries must be limited by appropriate instructions, and all awards must be supported by competent evidence concerning the injury, *although there need be no evidence which assigns an actual dollar value to the injury. Gertz v. Robert Welch, Inc.,* 418 U.S. at 350–51, 94 S.Ct. at 3012. (emphasis added).

 Thus, while a showing that a particular purchaser was deterred from purchasing the plaintiff's property due to the defendant's libelous actions would be sufficient proof of a potential loss, such a showing is not a prerequisite to maintenance of the suit. In such a situation, the value of the plaintiff's damages would be no more precise than is true in the case at bar. The plaintiffs here, while admitting that they do not presently intend to place their property on the market, have presented the testimony of a real estate agent that the value of the land has, in his opinion, decreased in value due to the defendants' libel. In a case where a prospective purchaser has been deterred from buying the property, the measure of damages would be the contract price less the value of the land, *Yarbrough v. Stiles,* 717 S.W.2d 886 (Tenn.App.1986)—a measure that requires an opinion as to the value. In a case where there was no prospective purchaser, the damages could be established by the same person giving an opinion as to the before and after value of the property. So, the fact that these plaintiffs do not presently intend to sell their property does not necessarily make their damages any more speculative than they would be had a particular purchaser been deterred. If the plaintiffs can show with reasonable certainty that the defendants' actions have caused them actual pecuniary loss, they are entitled to recover for their actual damages. They should not be forced to sell property which they desire to retain in order to be made whole again from the defendants' injurious conduct.

 The next issue to be addressed is whether litigation expenses which the plaintiffs incurred in removing the cloud

from their title would qualify as special damages in the present libel of title action. The trial court concluded that they would not, citing the American rule that absent a statute, contract, or recognized ground of equity, there is no inherent right to have attorneys' fees paid by the opposing party. *See State ex rel. Orr v. Thomas,* 585 S.W.2d 606 (Tenn.1979). While the trial judge correctly stated the general rule in Tennessee relating to the liability of an adversary for litigation expenses in the underlying action, it was error to conclude that such expenses cannot be viewed as actual damages arising from the defendants' tortious conduct.

The traditional rule of attorney's fees stated in *State ex rel. Orr v. Thomas* might be applicable in a typical defamation of character action. In such a case, the defamed party has an assortment of methods by which he may attempt to combat the speaker's accusations, such as public denial or retraction. Litigation expenses might not be recoverable if the injured party chose the judicial route to prove the falsity of such statements, because it is incumbent on the *defendant* to prove the truth of his statements in a character defamation action. But we do not decide this question today because it is not before this court. Rather, we merely suggest it as reasoning for our conclusion and to emphasize the distinction between defamation of character, and of title. When a cloud has been cast upon the title to property, the owner does not have the same options to correct the wrong. The sole way of dispelling another's wrongful assertion of title is by hiring an attorney and litigating. If the defamed party were to simply speak out in denial, as he might with a character attack, he could risk completely losing title by adverse possession. The plaintiffs here were forced into court by the defendants' actions. They were required to hire counsel, take depositions, arrange for court reporters, and run up numerous other expenses. These costs, which represented the only possible course of action to clear their title, flow directly and proximately from the defendants' conduct. But for the defendants filing of a deed and placing an

advertisement for the sale of this land, the plaintiffs would not have incurred these expenses. As such, they represent an actual pecuniary loss that, if substantiated, should be recoverable as special damages.

The position we take today regarding proof of special damages and litigation expenses is supported by the Restatement (Second) of Torts, where it is stated:

> (1) The pecuniary loss for which a publisher of injurious falsehood is subject to liability is restricted to (a) the pecuniary loss that results directly and immediately from the effect of the conduct of third persons, including impairment of vendibility or value caused by the disparagement, and (b) the expenses of measures reasonably necessary to counteract the publication, including litigation to remove the doubt cast upon vendibility or value by disparagement....

Restatement (Second) of Torts § 633 (1977).

The comments following section 633 indicate that this rule is not limited to the expense of bringing an action to quiet title, but may permit recovery of other expenses reasonably necessary to counteract the injurious publication, such as the cost of notifying customers of its falsity or the publication of denials. This approach also appears to be the modern trend among those courts which have more recently addressed the issue. *See e.g. Glass v. Gulf Oil Corp.,* 12 Cal.App.3d 412, 96 Cal.Rptr. 902 (1970); *Sullivan v. Thomas Organization, P.C.,* 88 Mich.App. 77, 276 N.W.2d 522 (1979); *Dowse v. Doris Trust Co.,* 116 Utah 106, 208 P.2d 956 (1949).

The defendants have raised a final issue on appeal, contending that plaintiffs' complaint must be dismissed for failure to state a claim upon which relief can be granted. The defendants assert that the plaintiffs' failure to allege malice in their complaint for libel of title is fatal to their cause of action.

Of the few Tennessee decisions that discuss this particular tort, *Waterhouse v. McPheeters,* 176 Tenn. 666, 145 S.W.2d 766 (1941), appears to best address the pleading requirements. *Waterhouse* holds that mal-

ice is a necessary ingredient of an action for libel of title, and must be both alleged and proven. *Id.* at 668, 145 S.W.2d 766. The reasoning is that a good faith claim of title, although erroneous, will not constitute a basis for an action of libel of title. But we do not read *Waterhouse* as constrictively as the defendants. While the court stated that "as a general rule the complaint must allege malice and want of probable cause", they also went on to find that "looking to the allegations of this bill, we do not find malice stated in express terms *or any such showing of facts as would give rise to a reasonable inference that the levies were made by the officer in this case maliciously.*" *Id.* at 668–69, 145 S.W.2d 766. (emphasis added).

We believe the complaint in this case was sufficient to put the defendants on notice of what was being claimed against them. The plaintiffs' pleading states that the defendants alleged themselves to be the owners of land belonging to the plaintiffs, that the defendants never spoke to the plaintiffs or told them they were going to advertise the land for sale, that the defendants' deed was champertous and declared void, and as a result of the defendants' libel of title the plaintiffs have been damaged. The Tennessee Rules of Civil Procedure declare that all pleadings must be construed so as to do substantial justice, Tenn.R.Civ.P. 8.06, and that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity and that malice, intent, knowledge, and other conditions of the mind may be averred generally, Tenn.R.Civ.P. 9.02. The complaint here avers sufficient facts to give rise to a reasonable inference that the defendants acted maliciously.

The judgment of the court below is reversed and the cause remanded to the Perry County Circuit Court for further proceedings consistent with this opinion. Costs on appeal are taxed to the appellees.

LEWIS and KOCH, JJ., concur.