1 F.3d 1253
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 ARCADE, INC., Plaintiff/Cross-Appellant,
v.
MINNESOTA MINING AND MANUFACTURING COMPANY, Defendant-Appellant.
 Nos. 91-1458, 91-1459.
 United States Court of Appeals, Federal Circuit.
 June 16, 1993.
 
 Before ARCHER, PLAGER, and CLEVENGER Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Minnesota Mining and Manufacturing Company (3M) appeals from the Order and Memorandum of the United States District Court for the Eastern District of Tennessee (CIV-1-88-141, July 2, 1991). The district court, inter alia, held U.S. Patent Reissue No. 33,299 ('299 reissue patent) owned by 3M invalid and unenforceable, sustained jury verdicts of libel and antitrust violations against 3M and awarded attorney fees to Arcade, Inc. (Arcade). Arcade cross-appeals from the same order, in so far as it granted 3M's motion for JNOV and held that the jury improperly found that one of Arcade's products did not infringe the '299 patent. We affirm.[1]
 
 DISCUSSION
 
 2
 A. 3M appeals the determination that claim 20 of the '299 reissue patent is invalid under 35 U.S.C. Sec. 102(b) as anticipated by the prior art fragrance samplers. 3M asserts that the term "coated paper" as used in claim 20 does not include matte coated paper because the term is limited to glossy coated paper. It, therefore, cannot be anticipated by the prior art fragrance samplers in evidence which disclose only matte coated paper.
 
 
 3
 Claim interpretation is a matter of law, which we review de novo. Specialty Composites Corp. v. Cabot Corp. 845 F.2d 981, 986, 6 USPQ2d 1601, 1605 (Fed.Cir.1988). As the district court determined, the term "coated paper" is not defined in the patent, either in the claims or the specification, as limited to glossy coated paper. Nor has 3M pointed to anything in the prosecution history suggesting that the definition of "coated paper" is so limited. It contends only that persons skilled in the fragrance sampler art would know that glossy paper was meant by the claims term "coated paper." However, there was also evidence at trial that "coated paper" includes matte coated paper. As the district court stated:
 
 
 4
 The clear weight of the trial testimony together with the trial exhibits shows that matte-coated paper is indeed a type of coated paper, just as are glossy and dull coated papers. Furthermore, matte-coated paper is susceptible of high quality printing in the printing and advertising trade.
 
 
 5
 We are not convinced that the district court erred in holding that Claim 20 does not exclude matte coated paper from its coverage and that it is anticipated by the prior art samplers.[2]
 
 
 6
 B. 3M also appeals the district court's holding that claims 28-30 are invalid as obvious in view of the prior art. The only difference between the scope and content of the prior art and the invention recited in claims 28-30 is that the prior art has only one surface of coated paper, while the claims require two surfaces of coated paper. Evidence was presented that at the time of the invention advertisers were requesting fragrance samplers produced by placing a slurry between two surfaces of coated paper. Although a problem was encountered when the slurry used for samplers with only one sheet of coated paper was placed between two sheets of coated paper, the evidence supports the conclusion that one of ordinary skill in the fragrance sampler art would have easily known how to overcome the problem. The court found that one of ordinary skill would know that weaker binders could be selected to alleviate the paper tearing and that viscosifiers could be used to make the weaker binder spread evenly. Based on these findings and conclusions we discern no error in the district court's holding that claims 28-30 would have been obvious under 35 U.S.C. Sec. 103 and are therefore invalid.
 
 
 7
 C. 3M next appeals the determination of inequitable conduct during the prosecution of the '299 reissue patent, and U.S. Patent No. 4,720,417 ('417 Patent), which was surrendered in the '299 reissue proceeding. This court reviews the district court's ultimate conclusion of inequitable conduct under an abuse of discretion standard and underlying factual findings under the clearly erroneous standard. See Amgen, Inc. v. Chugai Pharmaceutical Co., 927 F.2d 1200, 1215, 18 USPQ2d 1016, 1031 (Fed.Cir.1991).
 
 
 8
 Intent to deceive the PTO by failing to disclose material information constitutes inequitable conduct. See FMC Corp. v. Manitowoc Co., Inc., 835 F.2d 1411, 1415, 5 USPQ2d 1112, 1115 (Fed.Cir.1987). The district court found that 3M's misrepresentation of test data in the prosecution of the '417 patent and its failure to disclose the Palenik affidavit during the '299 reissue prosecution were material. The district court also found that the continuing lack of candor on the part of 3M in its dealings with the PTO satisfied the requisite intent to deceive the PTO. These findings, which are supported by evidence in the record, are not clearly erroneous. We are not persuaded that the district court abused its discretion in holding that 3M engaged in inequitable conduct.
 
 
 9
 D. 3M also appeals the district court's denial of its motion for JNOV with respect to the jury's verdict that it violated the antitrust laws. On JNOV, a jury's verdict can be overturned only if "reasonable minds could not differ as to the conclusions to be drawn from the evidence," when the evidence is viewed in the light most favorable to the opposing party. In re Lewis, 845 F.2d 624, 632 (6th Cir.1988).
 
 
 10
 3M argues that the jury was presented with no evidence of fraudulent procurement or bad faith enforcement. As we have noted supra, there was substantial evidence, and the district court was satisfied, that 3M engaged in a pattern of misconduct in procuring its patents. There is substantial evidence in the record that these patents would give 3M a virtual monopoly on the relevant market of pull-apart fragrance samplers. 3M also contends that, as a matter of law, it could not have a dangerous probability of success in obtaining a monopoly because even when viewing the evidence in the light most favorable to Arcade, it held only a 40 percent share of the relevant market. This fact alone is not conclusive; it is only one factor to be considered. The proper focus is on the exclusionary effect that the patent claim will have in the relevant market. Walker Process Equip., Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 177 (1965). In this case, the jury was presented with evidence that 3M's patents would effectively prevent others from competing in the relevant market, that 3M's patents presented a high barrier to entry for competitors, and that the relevant market was concentrated. Viewing the facts most favorably to Arcade, we cannot hold, as a matter of law as 3M contends we should, that the district court erred in denying JNOV on this issue.
 
 
 11
 E. 3M asserts that it did not libel Arcade in letters it sent to Arcade's customers suggesting that Arcade was infringing 3M's patent. Truth being a defense, 3M argues that at the time the patent issued it was valid and was being infringed. We conclude, however, that the jury was presented with substantial evidence that 3M knew that the patent was invalid and unenforceable from the date of its issuance. The jury was also presented with substantial evidence to support the other elements of libel and associated damages, and we discern no basis for reversal. See Ezell v. Graves, 807 S.W.2d 700, 703 (Tenn.Ct.App.1990).
 
 
 12
 F. The district court awarded Arcade reasonable attorney fees, finding this case exceptional under 35 U.S.C. Sec. 285. 3M argues the award should be reversed because the district court abused its discretion by basing the award on an erroneous determination of inequitable conduct. Because that determination was not erroneous and because the district court made detailed findings supporting its conclusion of exceptional case, its discretionary decision to award attorney fees must be sustained.
 
 
 
 [1]
 Because we affirm the invalidity and unenforceability of the '299 patent, we do not consider 3M's appeal as to invalidity under 35 U.S.C. Sec. 112 and intervening rights. Similarly, we do not consider Arcade's cross-appeal
 
 
 [2]
 In its brief, 3M admits that if "coated paper" is interpreted to include matte coated paper, the prior art anticipates claim 20