IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 19, 2020 Session

## MR. APPLIANCE, LLC v. APPLIANCE SERVICES OF TENNESSEE, LLC, ET AL.

**Appeal from the Circuit Court for Williamson County**
**No. 2019-403      Michael Binkley, Judge**

_____

### No. M2020-00456-COA-R3-CV

_____

A franchisor sued a franchisee in Texas and obtained a default judgment, which it sought to enroll in Tennessee. The franchisor moved for summary judgment, and the franchisee asserted there was a genuine issue of material fact with regard to whether it had been served properly in the Texas action. The trial court granted the franchisor's motion, concluding that the Texas judgment was entitled to full faith and credit in Tennessee, and awarded the franchisor its attorneys' fees. On appeal, we affirm the trial court's award of summary judgment but reverse the award of attorneys' fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Benjamin Ealey Goldammer and Christopher Brice Fowler, Nashville, Tennessee, for the appellants, Appliance Services, LLC, Mark A. Leberte, and Belinda Leberte.

Heather Gwinn Pabon, Franklin, Tennessee, and Erin Paige McDaniel, Nashville, Tennessee, for the appellee, Mr. Appliance, LLC.

### OPINION

#### I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Appliance, LLC is a Texas entity and franchisor of independently owned and operated companies that install and repair appliances. Appliance Services of Tennessee, LLC ("AST") is a Tennessee entity and former Mr. Appliance franchisee. Mark Leberte and Belinda Leberte are personal guarantors of AST's debts. In October 2017 Mr.

Appliance filed a complaint against AST and the Lebertes in a federal district court in Texas asserting causes of action for unfair competition, trademark infringement, and breach of contract. Mr. Appliance requested injunctive relief and damages.

When none of the defendants filed an answer or appeared to defend the case against them, Mr. Appliance moved for entry of a default judgment in May 2018. A United States magistrate judge issued a report and recommendation in October 2018 recommending that the district court judge grant the motion for default judgment. The magistrate judge recommended that Mr. Appliance be granted injunctive relief and that it be awarded $39,958.99 in damages for breach of contract, $46,800 in damages for trademark infringement, and $13,532.96 for attorneys' fees and costs. The district court judge adopted the magistrate's recommendations and granted Mr. Appliance's motion for default judgment on October 23, 2018. Mr. Appliance then obtained from the federal district court a clerk's certification of the judgment to be registered in another district ("Clerk's Certification").

On July 26, 2019, Mr. Appliance initiated proceedings in the Circuit Court of Williamson County to enforce its foreign judgment in Tennessee by filing a Notice of Filing, an Affidavit of Judgment Creditor, and the Clerk's Certification, to which was attached the Amended Final Judgment on Plaintiff's Motion for Default Judgment ("Amended Judgment"). The defendants filed an answer and objection to Mr. Appliance's petition. They asserted the defenses of insufficient process and insufficient service of process in Texas, and they demanded a trial on the merits concerning the underlying validity of the judgment.

Mr. Appliance filed a motion for summary judgment in November 2019, arguing that the defendants were all properly served. Mr. Appliance relied on the Amended Judgment, in which the Texas district court judge adopted the magistrate judge's report and recommendation finding that the defendants were "properly served" and that the defendants failed to "answer[], appear[], or otherwise defend[] themselves" against Mr. Appliance's allegations. In their response, the defendants argued that Mr. Appliance's motion should be denied and the foreign judgment should be denied full faith and credit because Mr. Appliance failed to obtain effective service on them in the Texas lawsuit.

The trial court issued a memorandum and order on February 24, 2020, granting Mr. Appliance's motion for summary judgment. The court wrote, in part:

> The Defendants' response to Mr. Appliance's Statement of Undisputed Material Facts disputes only the Defendants were properly served with process in the underlying case (and, as a direct result, that any responsive filings ever became due). No other facts are disputed. To evidence this dispute, the Defendants offer two documents: a signed declaration of Mark Leberte, which alleges he was not served, and a signed declaration of

Belinda Leberte, which alleges she was not served. There are no specific facts alleged in the declaration of Belinda Leberte, only a bare denial of service.

The declaration of Mark Leberte contains a similar denial, and additionally alleges the home address where the initial complaint was posted had not been his home address for several years. This absence from the residence was purportedly because the Lebertes had divorced. However, there is no documentation of the parties' divorce in the record, and this reasoning is not actually alleged in Mark Leberte's signed declaration. Notably, Mr. Leberte was personally served with the Notice of Filing and Summons for Enforcement of Foreign Judgment at the same home address which he now claims was not his correct home address in the underlying case.

Mark Leberte also alleges he was not aware of the posting of the Complaint at his business address. Mr. Leberte does not allege the business address was incorrect or the business was not his primary place of business. Instead, he alleges only that he was not aware the Complaint was posted there.

. . . .

The signed declarations of the Lebertes may be fairly categorized as a "scintilla of evidence" or "mere denials" of Mr. Appliance's contentions. The U.S. Supreme Court and the Tennessee Supreme Court have explicitly stated these mere denials or a scintilla of evidence are not sufficient to defeat a motion for summary judgment.

The record contains sufficient documentation (chiefly, proof of service from two process servers in Texas and the adjudication of a proper entry of default judgment by the Texas court) which lends convincing support to Mr. Appliance's position service was properly made.

Considering the record as a whole, the Lebertes' declarations are not sufficient proof which would allow a rational trier of fact to find in their favor. The Lebertes have failed to produce any evidence supporting their position, other than their own signed declarations which are devoid of any specific facts supporting their position. The Court finds no rational trier of fact, considering the record as a whole, would conclude the Lebertes were improperly served. Accordingly, no genuine dispute of a material fact has been shown.

The trial court also awarded Mr. Appliance $22,394.80 in attorneys' fees to compensate it for the fees it incurred in enrolling the Texas judgment in Tennessee. The court recognized there was no statutory or contractual basis for an award of its fees but determined that it was within its discretion to award Mr. Appliance fees "on the basis of equity."

The defendants appeal the trial court's judgment, arguing that the court erred in granting Mr. Appliance's motion for summary judgment and awarding Mr. Appliance the attorneys' fees it incurred in enrolling the Texas judgment in Tennessee.

## II. ANALYSIS

### A. Full Faith and Credit Clause

The Full Faith and Credit Clause of the United States Constitution provides, in pertinent part: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. This constitutional clause "requires the judgment of a state court, having both personal and subject matter jurisdiction, be given the 'same credit, validity and effect in the courts of every other state and that such judgment be equally conclusive upon the merits in the courts of the enforcing states.'" *Guseinov v. Synergy Ventures, Inc.*, 467 S.W.3d 920, 924 (Tenn. Ct. App. 2014) (quoting *Mirage Casino Hotel v. J. Roger Pearsall*, No. 02A01-9608-CV-00198, 1997 WL 275589, at *3 (Tenn. Ct. App. May 27, 1997)); *see also Capital Partners Network OT, Inc. v. TNG Contractors, LLC*, No. M2018-00411-COA-R3-CV, 2018 WL 4350065, at *2 (Tenn. Ct. App. Sept. 11, 2018). The decision to grant full faith and credit to a foreign judgment is a question of law that we review de novo upon the record. *Capital Partners*, 2018 WL 4350065, at *2; *Guseinov*, 467 S.W.3d at 924.

Tennessee adopted the Uniform Enforcement of Foreign Judgments Act, codified at Tenn. Code Ann. §§ 26-6-101−109, and this Act provides a mechanism for a party to enroll a foreign judgment in Tennessee by filing a complaint in either the circuit or chancery court. Tenn. Code Ann. § 26-6-104; *Guseinov*, 467 S.W.3d at 925; *see also* TENN. R. CIV. P. 3A (describing steps to enroll and enforce foreign judgment and referencing Tenn. Code Ann. § 26-6-104).[1] A Tennessee court may properly refuse to enroll a foreign judgment for three reasons: "(1) if the judgment is void due to a lack of personal or subject matter jurisdiction, (2) if the judgment is based upon fraud, or (3) where the enforcement of the judgment would violate the public policy of Tennessee." *Capital Partners*, 2018 WL 4350065, at *2; *see also Guseinov*, 467 S.W.3d at 925. "A party who seeks to prevent the

---

[1]The defendants contend they are entitled to a trial on the merits concerning the underlying validity of the judgment based on the advisory comments to Tenn. R. Civ. P. 3A.04. However, the defendants failed to dispute the underlying validity of the judgment in responding to Mr. Appliance's motion for summary judgment; the only issue they raised at that time was the propriety of the service of process of the Texas lawsuit.

enrollment of a foreign judgment in Tennessee carries a 'stern and heavy' burden." *Guseinov*, 467 S.W.3d at 925 (quoting *Coastcom, Inc. v. Cruzen*, 981 S.W.2d 179, 181 (Tenn. Ct. App. 1998)).

B. <u>Summary Judgment</u>

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. A trial court's ruling on a motion for summary judgment involves a question of law, which we review de novo, affording the trial court's decision no presumption of correctness. *Collier v. Legends Park LP*, 574 S.W.3d 356, 358 (Tenn. Ct. App. 2018) (citing *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015)); *Guseinov*, 467 S.W.3d at 924. The *Rye* Court explained that when a party moves for summary judgment,

> the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." TENN. R. CIV. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., [Ltd. v. Zenith Radio Corp.],* 475 U.S. [574], 586 [1986]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye*, 477 S.W.3d at 265.

As the trial court noted, the only issue the defendants argue is in dispute is whether they were properly served in the Texas lawsuit. Service of process for federal lawsuits in Texas district courts is governed by the Texas Rules of Civil Procedure. *See* FED. R. CIV. P. 4(e)(1) (providing that summons in federal lawsuit may be served according to rules of state where federal district court is located). Texas Civil Procedure Rule 21a, titled "Methods of Service," provides, in relevant part:

> (a) *Methods of Service*. Every notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record in the manner specified below:

(1) Documents Filed Electronically. A document filed electronically under Rule 21 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager. If the email address of the party or attorney to be served is not on file with the electronic filing manager, the document may be served on that party or attorney under subparagraph (2).

(2) Documents Not Filed Electronically. A document not filed electronically may be served in person, mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct.

TEX. R. CIV. P. 21a.

1. Ms. Leberte

The record includes a proof of service reflecting that Keith E. Mayes/Special Process Server personally served Ms. Leberte with the summons for the Texas lawsuit at 203 Gloucester Court, Franklin, Tennessee on November 29, 2017. Mr. Appliance filed a statement of undisputed material facts in support of its motion for summary judgment, and its second statement read as follows:

On November 29, 2017, Belinda Leberte was personally served with Plaintiff's Initial Complaint and Summons at her home address, 203 Gloucester Court, Franklin, Tennessee 37064. See Proof of Service on Belinda Leberte, attached as Exhibit B.

The defendants disputed this statement "as set forth in the Declaration of Belinda Leberte, attached as Exhibit 1." Ms. Leberte's declaration stated in full as follows:

1. I am an individual resident of the State of Tennessee, am over eighteen years of age and am competent to provide the testimony stated herein. I make this declaration based on personal knowledge.

2. I understand that a process server (Keith E. Mayes) signed a Proof of Service stating that he served me in the lawsuit styled Mr. Appliance, LLC v. Appliance Services of Tennessee, LLC, et al., U.S. District Court for the Western District of Texas, No. 6:17-cv-291 ("Texas Lawsuit") at 203 Gloucester Court, Franklin, Tennessee on November 29, 2017.

3. I was not personally served with the Summons and Complaint filed in the Texas Lawsuit.

Ms. Leberte does not dispute that she was residing at 203 Gloucester Court in Franklin, which is where the process server claimed that he served her. Texas Rule of Civil Procedure 21a(e) states, in relevant part, that "A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service."

2. Mr. Leberte and AST

The record includes an affidavit of due diligence by Mr. Mayes stating that he attempted, without success, to serve Mr. Leberte in his personal capacity and as the registered agent for AST with the summons, complaint, and associated filings from the Texas lawsuit at 203 Gloucester Court, Franklin on four different days in November and December 2017. The record also includes an order granting Mr. Appliance's motion for substitute service on both Mr. Leberte and AST. A proof of service shows that Corey King served Mr. Leberte with the summons from the Texas lawsuit on March 7, 2018, by posting service "at his place of employment located at 820 Fesslers Parkway, Nashville" and at 203 Gloucester Court, Franklin. A separate proof of service shows that Mr. King served AST with the summons from the Texas lawsuit on March 7, 2018, by "post[ing] service on the front door per order" at 820 Fesslers Parkway, Nashville.

Mr. Appliance's sixth and seventh statements of undisputed facts read as follows:

6. On March 7, 2018, Mark Leberte was served with Plaintiff's Initial Complaint and Summons via substituted service by posted service at his place of employment, 820 Fesslers Parkway, Nashville, Tennessee 37210 at 10:50 AM, and also at his home address, 203 Gloucester Court, Franklin, Tennessee 37064. See Proof of Service on Mark Leberte, attached as Exhibit F.

7. On March 7, 2018, Appliance Services of Tennessee was served with Plaintiff's Initial Complaint and Summons via substituted service by posted service on the front door of the business, 820 Fesslers Parkway, Nashville, Tennessee 37210 at 10:50 AM. See Proof of Service on Appliance Services of Tennessee, LLC attached as Exhibit G.

The defendants disputed both of these statements "as set forth in the Declaration of Mark Leberte, attached as Exhibit 2." Mr. Leberte's declaration was similar to Ms. Leberte's declaration and consisted of the following statements:

1. I am an individual resident of the State of Tennessee, am over eighteen years of age and am competent to provide the testimony stated herein. I make this declaration based on personal knowledge.

2.  I understand that a process server (Keith E. Mayes) signed an Affidavit of Due Diligence stating that he attempted service on me in the lawsuit styled <u>Mr. Appliance. LLC v. Appliance Services of Tennessee, LLC. et al.</u>, U.S. District Court for the Western District of Texas, No. 6:17-cv-291 ("Texas Lawsuit") at 203 Gloucester Court, Franklin, Tennessee and 820 Fesslers Parkway, Nashville, Tennessee in November and December 2017.

3.  I was not personally served with the Summons and Complaint filed in the Texas Lawsuit.

4.  As of November and December 2017, I had not lived at 203 Gloucester Court, Franklin, Tennessee for several years. 203 Gloucester Court, Franklin, Tennessee was not my principal residence at any time during 2017.

5.  I was not aware of the purported service attempts at 820 Fesslers Parkway, Nashville, Tennessee referenced in Mr. Mayes' Affidavit of Due Diligence until the filing of the instant domestication proceeding in the State of Tennessee.

6.  I understand from the Proof of Service signed by Corey King that substitute service was attempted on me in the Texas Lawsuit by posting the Summons and Complaint at 820 Fesslers Parkway, Nashville, Tennessee in March 2018. I was not aware of the purported posting of the Summons and Complaint at 820 Fesslers Parkway, Nashville, Tennessee until the filing of the instant domestication proceeding in the State of Tennessee.

Mr. Leberte asserts that he was not residing at 203 Gloucester Court when the process server attempted to serve him in 2017, but Mr. Leberte does not deny that he was residing at 203 Gloucester Court in March 2018, when service was posted at that residence. Further, Mr. Leberte does not dispute that he worked at 820 Fesslers Parkway in Nashville, which is where the process server's proof of service shows that the summons from the Texas lawsuit was posted.

a.  Supporting Affidavit

The defendants argue that the Texas district court's order granting Mr. Appliance's motion for substitute service was improper. Their first argument is that the process server's affidavit supporting Mr. Appliance's motion for substitute service was deficient. In its motion for substitute service, Mr. Appliance stated the following, in relevant part:

As stated in the Affidavit of Attempts of Keith Mayes, a private process server, attached as Exhibit "A" and incorporated herein by reference as if fully set forth herein, the address of the competing business being

- 8 -

operated by Defendants is 820 Fesslers Parkway, Nashville, Tennessee. Mark A. Leberte, who is represented as an owner and registered agent of Appliance Services of Tennessee, LLC . . . does business at the 820 Fesslers Parkway, Nashville, Tennessee address. Plaintiff has attempted to serve him individually and also in his capacity as registered agent for service of process for Defendant Appliance Services of Tennessee, LLC. As demonstrated by the attached affidavit, multiple attempts at service have been made. Mr. Leberte is evading service and his ex-wife will not provide any contact information or other address for him. Contacts with the individuals at the address set forth above confirmed that Mark Leberte could be located at that office.

. . . .

Plaintiff would further show that service may be had upon Defendants by leaving a copy of the citations and Plaintiff's Original Petition attached as "Exhibit B" with anyone over 16 years of age at 820 Fesslers Parkway, Nashville, Tennessee, or attaching a copy of the citations and Petition to the door of the business located at 820 Fesslers Parkway, Nashville, Tennessee, Defendants' usual place of business. The attached affidavit demonstrates that Defendant is likely to be present at that address.

The district court granted Mr. Appliance's motion, stating:

This Court heard and considered the Motion and the supporting affidavit and is of the opinion that the usual place of business for Defendants has been shown and that service has been attempted either by delivery to the Defendants in person or by mailing to the Respondent by certified or registered mail, pursuant to the Texas Rules of Civil Procedure, but that such attempted service has not been successful. Further, this Court is of the opinion that the manner of service ordered will be reasonably effective to give the Defendants notice of this suit.

IT IS THEREFORE ORDERED that service on MARK A. LEBERTE and APPLIANCE SERVICES OF TENNESSEE, LLC, Defendants in this cause, be had by a private process server, a disinterested adult, leaving true copies of the citations and petition in this cause, and this order, with anyone over 16 years of age at 820 Fesslers Parkway, Nashville, Tennessee, or by attaching true copies of the citations and petition on the door of the business located at 820 Fesslers Parkway, Nashville, Tennessee, which is the Defendants' usual place of business.

In addition to Tex. R. Civ. P. 21a, Rule 106 of the Texas Rules of Civil Procedure, titled "Method of Service," provides:

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by
>
> > (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
> >
> > (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.
>
> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>
> > (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
> >
> > (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106. Rule 108 provides that service on a resident of another state "shall be the same as prescribed for citation to a resident defendant . . . as provided in Rule 106 hereof." Tex. R. Civ. P. 108. The Texas Court of Appeals has opined that substitute service is available pursuant to Tex. R. Civ. P. 106(b) "once the plaintiff shows the necessity for the substitute method of service." *Breiten v. Shatery*, 365 S.W.3d 829, 832 (Tex. Ct. App. 2012). Mr. Appliance demonstrated the necessity for a substitute method of service for Mr. Leberte and AST in its motion, in which it described the process server's attempts at personal service, Mr. Leberte's apparent evasion of the process server, and Ms. Leberte's refusal to provide an alternative address where Mr. Leberte could be served.

The defendants contend that Rule 106(b) required Mr. Appliance to use "magic words" in the affidavit supporting its motion for substituted service, and that its motion was deficient because the affidavit failed to use these "magic words." The words from Rule 106(b) that the defendants allege are missing from the supporting affidavit are: the location of the defendant's "usual place of business" or "usual place of abode" or "other

- 10 -

place where the defendant can probably be found." The affidavit Mr. Appliance submitted in support of its motion included the following statements by the process server, Keith Mayes, regarding his attempts to serve AST and Mr. Leberte with the summons for the Texas lawsuit:

> 11/27/2017 at 6:42 p.m. - Attempted service at 203 Gloucester Court, Franklin, Tennessee. Per Belinda Leberte, he is no longer at this residence due to them being divorced. Will not provide any contact information or any other address for him.

> 11/29/2017 at 4:00 p.m. - Attempted Service at 820 Fesslers Parkway, Nashville, Tennessee. Per individual at facility, who refused to provide their name, Mark Leberte is not in the office at this time.

> 12/1/2017 at 10:45 a.m. - Attempted Service at 820 Fesslers Parkway, Nashville, Tennessee. Per individual at facility, who refused to provide their name once again, Mark Leberte is not in the office at this time. Would not provide any type of contact information for Mark Leberte.

> 12/6/2017 at 2:35 p.m. - Attempted Service at 820 Fesslers Parkway, Nashville, Tennessee. Per individual at facility, who refused to provide their name once again, Mark Leberte is not in the office at this time. I then proceeded to see if anyone in the office was authorized to accept the summons, and no one in the office would accept the documents.

Contrary to the defendants' argument, Rule 106(b) does not require the motion's supporting affidavit to use particular words. According to a federal district court in the eastern district of Texas, "[u]se of the exact phrase 'usual place of business' is not required as long as the affidavit contains other information indicating Defendants' usual place of business or that the location named in the affidavit is a place where Defendants can probably be found." *Pharmerica, Inc. v. DSJ Healthcare, Inc.*, No. 4:99-CV-242, 2010 WL 4962974, at *4 (E.D. Tex. Oct. 22, 2010). The Texas Court of Appeals has interpreted Rule 106(b) to require the affidavit to "aver or otherwise provide probative evidence that the address for service is the defendant's usual place of business or usual place of abode or other place where [he or] she can probably be found." *Titus v. S. Cnty. Mut. Ins.*, No. 03-05-00310-CV, 2009 WL 2196041, at *3 (Tex. Ct. App. July 24, 2009); *see also Goshorn v. Brown*, No. 14-02-00852-CV, 2003 WL 22176976, at *2 (Tex. Ct. App. Sept. 23, 2003) ("Although a higher degree of precision in an affidavit is preferable, the plain language of the rule does not require the affiant to state that the address is the defendant's usual place of abode or business or a place where the defendant can probably be found.").

The defendants rely upon two cases to support their argument, *Christian Brothers Automotive Corp. v. DeCicco*, No. 14-03-00997-CV, 2004 WL 1877735 (Tex. Ct. App.

Aug. 24, 2004), and *Davis v. Martin*, No. 01-07-00831-CV, 2009 WL 350642 (Tex. Ct. App. Feb. 12, 2009). The process server's affidavit submitted in support of the plaintiff's motion for substituted service in *DeCicco* was limited to the identification of the process server and the following statement: "In the normal course of my duties on January 23, 2003, I placed a telephone call to the Fort Bend County Clerk's Office . . . to inquire whether or not the Defendant . . . was served. I was advised by the Clerk's office that return of service indicated, 'came back refused.' Further, Affiant saith not." *DeCicco*, 2004 WL 1877735, at *1. The *DeCicco* court found the affidavit was insufficient because it did not state "the location of [the defendant]'s usual place of business or other place where [the defendant] can probably be found." *Id.* at *2. Although the court noted the "'strict compliance' standard applicable to service under Rule 106(b)," *id.*, it stopped short of requiring "magic words" from the statute to be included in the affidavit supporting the motion for substituted service.

In *Davis v. Martin*, the constable's affidavit submitted in support of the motion for substitute service failed to include the location of the defendants' usual place of business, the location of their usual place of residence, the address where the constable attempted to serve the defendants, the dates of the attempted service, or the times. *Davis*, 2009 WL 350642, at *1, 5. Because of these deficiencies in the affidavit, the *Davis* court invalidated the substitute service. *Id.* at *5. Contrary to the defendants' argument in the case at bar, the *Davis* court did not state that the affidavit supporting the motion was required to mirror the language used in Rule 106(b).

In this case, Mr. Mayes included in his affidavit the locations, dates, and times of his attempted service on AST and Mr. Leberte. He did not use the words "usual place of business" or "place where [he] can probably be found" in his affidavit, but the statements that he spoke with an individual at "the facility, who refused to provide their name" who told Mr. Mayes that "Mr. Leberte is not in the office at this time" implied that 820 Fesslers Parkway was Mr. Leberte's usual place of business and/or place where he could probably be found.[2] In addition, Mr. Leberte does not dispute that 820 Fesslers Parkway was, in fact, his usual place of business at that time. We conclude that Mr. Mayes' affidavit complied with the requirements of Rule 106(b) to support Mr. Appliance's motion for substitute service.

    b.  Method of Substitute Service

The defendants next argue that in its order permitting substitute service, the Texas district court improperly "left it to the discretion of the process server to determine the

---

[2]With respect to the residential address, Mr. Mayes' statement that Mr. Leberte "is no longer at this residence [203 Gloucester Court, Franklin] due to them being divorced" implies that 203 Gloucester Court was not Mr. Leberte's usual place of abode at the time when Mr. Mayes was attempting to serve Mr. Leberte and AST.

manner in which service would be made." As noted above, the district court's order included the following language:

> [T]his Court is of the opinion that the manner of service ordered will be reasonably effective to give the Defendants notice of this suit.
>
> IT IS THEREFORE ORDERED that service on MARK A. LEBERTE and APPLIANCE SERVICES OF TENNESSEE, LLC, Defendants in this cause, be had by a private process server, a disinterested adult, leaving true copies of the citations and petition in this cause, and this order, with anyone over 16 years of age at 820 Fesslers Parkway, Nashville, Tennessee, or by attaching true copies of the citations and petition on the door of the business located at 820 Fesslers Parkway, Nashville, Tennessee, which is the Defendants' usual place of business.

Pursuant to the terms of the court's order, the process server was specifically instructed where and how to serve the summons for the Texas lawsuit on Mr. Leberte and AST. Consistent with the provisions of Rule 106(b), the Texas court ordered the process server either to leave the citations and petition with someone over 16 years of age or to serve the papers in a "manner that the affidavit or other evidence before the court show[ed] [would] be reasonably effective to give the defendant notice of the suit," which, in this case, was posting the citations and petition on the door of the business located at 820 Fesslers Parkway. *See* TEX. R. CIV. P. 106(b). The defendants do not explain why allowing the process server to choose between these two methods sanctioned by Rule 106(b) violates the rule. We conclude that the court's order was appropriate and that the defendants' argument to the contrary has no merit.

### c. Reasonably Effective Means of Providing Notice

The defendants' final challenge to Mr. Appliance's method of service on Mr. Leberte and AST is that affixing the summons and complaint of the Texas lawsuit to the door of 820 Fesslers Parkway was not a reasonably effective means of providing notice to Mr. Leberte and AST of the Texas lawsuit. The defendants rely on *Furst v. Smith*, 176 S.W.3d 864 (Tex. Ct. App. 2005), to support this argument. The facts in *Furst* do not support the defendants' position, however, because the plaintiffs there served a non-party as a representative of the defendants. *See Furst*, 176 S.W.3d at 867, 870-71. Mr. Appliance, in contrast, did not seek permission to serve a representative of Mr. Leberte or AST; it merely sought a means of serving Mr. Leberte, individually and as registered agent of AST, by posting the summons and complaint of the Texas lawsuit on the door of Mr. Leberte's usual place of business. Neither Ms. Leberte, who had been served and who claimed Mr. Leberte was no longer living at 203 Gloucester Court, Franklin, nor the individual(s) with whom the process server spoke at Mr. Leberte's usual place of business would provide any contact information for Mr. Leberte. One or more individuals at 820

Fesslers Parkway told the process server on three separate occasions that Mr. Leberte was "not in the office at this time." These statements suggested that Mr. Leberte would be in the office at another point in time. Thus, we believe the district court acted reasonably in allowing Mr. Appliance to have process served on Mr. Leberte and AST by posting the summons and complaint on the door of 820 Fesslers Parkway and that this was a reasonably effective means to provide notice of the suit to Mr. Leberte. *See* TEX. R. CIV. P. 106(b)(2).

"A disputed fact is material 'if it must be decided in order to resolve the substantive claim or defense at which the motion is directed.'" *Guseinov*, 467 S.W.3d at 924 (quoting *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). "A mere scintilla of evidence in support of a non[-moving] party's position is insufficient to defeat an otherwise proper motion for summary judgment." *Guesthouse Int'l, LLC v. Shoney's N. Am. Corp.*, 330 S.W.3d 166, 185 (Tenn. Ct. App. 2010) (citing *Byrd*, 847 S.W.2d at 212). Mr. and Ms. Leberte rely on nothing more than their signed declarations to dispute Mr. Appliance's statements of undisputed fact regarding the service on them of the summons and complaint in the Texas lawsuit. Their unsupported declarations are insufficient to constitute "specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye*, 477 S.W.3d at 265. As a result, we affirm the trial court's decision finding that no genuine issue of material fact existed to prevent the grant of summary judgment to Mr. Appliance on the issue of service of the Texas summons and complaint on the defendants.

C. Attorneys' Fees

The final issue the defendants raise concerns the trial court's award to Mr. Appliance of the attorneys' fees it incurred in enrolling the foreign judgment in Tennessee. As the defendants correctly point out, Tennessee follows the "American rule" with regard to attorneys' fee awards. *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009). Under this rule, a party in a civil case may recover its fees "only if (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American rule applies, allowing for recovery of such fees in a particular case." *Id.* (citing *Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005); *John Kohl & Co. v. Dearborn Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998)).

The trial court properly noted the absence of a statutory or contractual basis for an award to Mr. Appliance of its attorneys' fees.[3] The court then proceeded to find Mr. Appliance was entitled to an award of its fees "on the basis of equity." Although a trial court has discretion to determine the amount of fees a litigant may recover when a basis for an award of fees exists, *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011), we conclude that the trial court erred in determining that Mr. Appliance was entitled to any award of fees in this matter. Even in the absence of a statutory or contractual basis,

---

[3]Mr. Appliance was awarded its attorneys' fees in the Texas lawsuit based on the parties' contract(s), and Mr. Appliance does not contend that it is entitled to an award of its fees on the same basis here.

Tennessee courts have recognized some exceptions to the American rule. *Mass. Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 33 (Tenn. Ct. App. 2002). This case does not involve slander of title, for example, which is one type of case in which we have determined that losing defendants "should be required to pay the prevailing plaintiff's legal expenses." *Jefferson*, 104 S.W.3d at 33 (citing *Ezell v. Graves*, 807 S.W.2d 700, 702-03 (Tenn. Ct. App. 1990) (finding that litigation expenses were "actual damages arising from the defendants' tortious conduct" where plaintiffs were forced to incur legal expenses to remove cloud from their title to real property)). We, therefore, reverse the trial court's decision to award Mr. Appliance any amount of attorneys' fees.

### III. CONCLUSION

We affirm the trial court's decision finding there was no genuine issue of material fact remaining for trial with respect to the enforcement of the Texas judgment and its ruling that the Texas judgment is entitled to full faith and credit in Tennessee. We reverse the trial court's award of attorneys' fees to Mr. Appliance. Costs of this appeal shall be taxed equally to the appellants, Mark A. Leberte, Brenda Leberte, and AST, and the appellee, Mr. Appliance, LLC, for which execution shall issue if necessary.

_____
ANDY D. BENNETT, JUDGE